THE STATE EX REL. GREGG, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Gregg v. Indus. Comm.* (2000), 88 Ohio St.3d 405.]

(No. 98–1553—Submitted February 22, 2000—Decided May 1, 2000.)

*Phillip J. Fulton & Associates* and *William A. Thorman III,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Jon D. Grandon,* Assistant Attorney General, for appellee.

*Per Curiam*. Debate centers on Dr. Coulter's report. That report arose from Dr. Coulter's review of the medical evidence in file, not from personal examination of the claimant, and has prompted three challenges. Upon review, we find claimant's arguments to be unpersuasive.

Claimant initially asserts that Dr. Coulter failed to consider her allowed psychological/psychiatric condition, disqualifying his report from consideration. Dr. Coulter's report, however, lists the psychiatric ailment among the enumerated allowed conditions. Equally important, Dr. Coulter's review of Dr. Howard's psychological report further demonstrates Coulter's awareness of the condition.

Claimant also challenges Dr. Coulter's failure to consider the reports of Drs. Moomaw, Earl Greer, Steven E. Zartman, and Peponis. While indeed true, the commission's failure to consider these reports, in this instance, is not fatal. Peponis's report is simply an MRI reading that confirms the existence of claimant's allowed degenerative disc condition. It does not comment on the potential improvement in that condition or its effect on claimant's ability to work. As to the remaining three reports, none of them advances claimant's cause, which undermines claimant's assertion of harm. Of the three doctors, only Greer commented on claimant's ability to return to her former position of employment, and Greer found that claimant's psychological condition was not work-prohibitive. This does not advance claimant's TTC request, nor do the reports of Moomaw or Zartman, which avoid the question entirely. We find, therefore, that these omissions do not affect the probative quality of Dr. Coulter's report.

Claimant argues last that it was impermissible for Dr. Coulter to conclude that based on claimant's past treatment, there was no potential for future improvement. This contention fails as well. Dr. Coulter concedes that *if* claimant were to undergo surgery, then improvement might occur. However, based on the fact that claimant, by that time, had had sixteen years to seek surgery but did not do so, Dr. Coulter excluded it as a realistic possibility and assessed MMI. Thus, the commission's reliance on Dr. Coulter's report was not an abuse of discretion.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.